IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID K. BROADBENT, as RECEIVER for MERRILL SCOTT & ASSOCIATES, LTD., et al.,<br><br>    Plaintiff,<br><br>vs.<br><br>CGI INTERNATIONAL HOLDINGS, INC., et al.,<br><br>    Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 2:02-CV-230-TC |

This case is recently on remand from the Tenth Circuit Court of Appeals on the sole issue of whether Estate Planning Institute (EPI) is an indispensable party under Rule 19 of the Federal Rules of Civil Procedure. This matter comes before the court on *pro se* defendant Robert Hipple's Motion for Recusal. Mr. Hipple has also filed a motion for leave to file a motion for summary judgment and for other relief.

For the reasons set forth below, the court finds that Mr. Hipple has not established any objective reason for recusal under the relevant statute, 28 U.S.C. § 455. Accordingly, his motion for recusal is DENIED. As for his motion for leave to file a motion for summary judgment and for other relief, the court GRANTS his requests as discussed more fully below.

## **BACKGROUND**

The Plaintiff in this matter is David K. Broadbent, who was appointed by this court to be

Receiver for entities including Merrill Scott & Associates, Ltd., in a related enforcement action brought by the Securities and Exchange Commission (SEC). As part of his duties to marshal and preserve the assets of Merrill Scott for the benefit of Merrill Scott's creditors, the Receiver brought this ancillary proceeding.

On August 20, 2004, the court granted the Receiver's Motion for Summary Judgment, finding Mr. Hipple liable for breach of fiduciary duty and fraudulent conveyance. (Docket # 164.) After supplemental briefing on the issue of monetary damages, the court held, in a subsequent order dated June 2, 2005, that Mr. Hipple was personally liable to Merrill Scott & Associates Ltd. for $3,502,337.00. Mr. Hipple appealed.

On November 2, 2007, the Tenth Circuit Court of Appeals vacated the portion of the August 20, 2004 Order granting summary judgment to the Receiver and remanded for consideration of whether Estate Planning Institute (EPI) is an indispensable party under Rule 19 of the Federal Rules of Civil Procedure. Mr. Hipple was represented by counsel during most of the proceedings before the district court, but since the appeal, he has appeared *pro se*. He is the only remaining defendant and now seeks recusal and assignment of a different judge for all further proceedings.

## ANALYSIS

### Motion for Recusal

#### Governing Standards

The grounds for recusal are set forth in a federal statutory provision titled "Disqualification of justice, judge, or magistrate judge." See 28 U.S.C. § 455. Based on the allegations in Mr. Hipple's motion and supporting memorandum, the relevant portions of that

statute read as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party . . . .

28 U.S.C. § 455(a)-(b)(1).

The test under § 455 is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). See also United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993) (the question is "whether a reasonable factual basis exists for calling the judge's impartiality into question."). In other words, the standard is an objective one.

Furthermore, under § 455, "factual allegations do not have to be taken as true. Nor is the judge limited to those facts presented by the challenging party." Hinman, 81 F.2d at 939 (internal citations omitted). Rather, "[t]he inquiry is limited to outward manifestations and reasonable inferences to be drawn therefrom." Cooley, 1 F.3d at 993.

Because Mr. Hipple proceeds *pro se*, the court must construe his pleadings liberally. Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003). However, the court is not to "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). With this in mind, the court now considers Mr. Hipple's motion.

**Defendant's Contentions**

Mr. Hipple contends that because the court appointed Mr. Broadbent as the Receiver, the court is necessarily biased in favor of the Receiver. He alleges the following:

3

>This Court appointed the Receiver in the SEC Action and thus granted the Receiver the authority to commence and prosecute this action. Thus, rather than sitting as an impartial judge of the parties and the facts in the record, the Court is called upon to judge the actions, representations and claims of its own appointee.

(Hipple's Mem. Supp. Mot. Recusal at 4.)[1]  According to Mr. Hipple, "the Court has repeatedly ignored uncontested factual evidence in the record and relied instead exclusively on unsupported, contradicted and hearsay allegations of the Receiver in making its decisions in the case." (Id.)

Mr. Hipple asserts that the court's *ex parte* grant of a Temporary Restraining Order to the Receiver is evidence of bias. He also takes issue with the court's ruling on the Receiver's Motion for Summary Judgment. He suggests the court adopted the Receiver's allegations without any supporting evidence while ignoring evidence offered by the Defendants that justified denial of that motion. He alleges that the court accepted and relied on "anything offered by the Receiver," including "a hearsay-based 'expert' report." (Mem. Supp. Mot. Recusal at 7.) He concludes that the court "prejudged the case" against him. (Id.)

He also contends that the court unfairly denied him "the opportunity to contest the lack of any evidence to support the claims of the First Amended Complaint" through a motion for summary judgment. Specifically, he asserts that the court's rulings placed him in a "Catch-22" situation by denying his motion to extend the dispositive motion deadline as moot while at the same time finding his motion for summary judgment untimely.[2] (Id. at 6.)

---

[1]Mr. Hipple inaccurately states that the court gave the Receiver authority to bring this particular action. The instigation of the suit against CGI International Holdings, Inc. et al. was a decision made solely by the Receiver.

[2]Mr. Hipple's characterization of the "Catch-22" situation is factually incorrect and does not support his motion. Magistrate Judge Alba decided the motion to extend the deadline, and he is not the subject of Mr. Hipple's motion to recuse. Accordingly, his ruling is irrelevant. Moreover, Judge Alba's ruling states that "[i]n the oral hearing [on the motion to extend

Finally, Mr. Hipple maintains that the court's failure to address the indispensable party issue is further evidence of bias, particularly because the Tenth Circuit reversed the court's order and remanded for consideration of that very issue.

**No Objective Evidence of Bias**

Mr. Hipple does not provide evidence showing a reasonable factual basis for calling the court's impartiality into question.

First, disagreement with court rulings (whether they are correct or not) is not a basis for recusal. Accordingly, Mr. Hipple incorrectly relies on the court's previous adverse rulings as evidence of lack of impartiality. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). See also Willner v. University of Kansas, 848 F.2d 1023, 1028 (10th Cir. 1988) ("[A] motion to recuse cannot be based solely on adverse rulings.").

Second, his conclusory allegations of bias do not suffice. "[C]onclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification." Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987).

Third, the simple fact that the Plaintiff is the Receiver appointed by the court in the SEC v. Merrill Scott proceedings is not by itself evidence of any personal bias in favor of the Receiver. If that were the case, no judge who appoints a receiver would ever be able to preside

---

dispositive motion deadline], counsel for Defendants represented that Defendants' Motion to Extend the Time for Filing Dispositive Motions is moot. On that basis, that motion is denied." (May 27, 2004 Order (Dkt # 158) (emphasis added) (following up on oral ruling from bench during April 7, 2004 hearing).) Mr. Hipple's attorney's representation compelled the magistrate judge's ruling. No evidence of bias against the Defendant can be drawn from that.

over the very case in which the receiver was appointed. The fact that the Receiver prevailed in the court on his motion for summary judgment is also not sufficient evidence of personal bias. See Liteky, 510 U.S. at 555 (adverse rulings not sufficient evidence of bias). Even the combination of the two facts does not give rise to any reasonable inference of bias.

For all of the foregoing reasons, the court finds that disqualification under 28 U.S.C. § 455 is not warranted. Consequently, the court DENIES Mr. Hipple's Motion for Recusal.

**Motion for Other Relief**

Mr. Hipple also seeks miscellaneous relief from the court. First, he seeks leave to file a motion for summary judgment on two issues: "(1) whether Estate Planning Institute, LP was, and is, an indispensable party to this action, and (2) whether summary judgment is still possible and appropriate given the current, substantially altered, status of the case against the undersigned." (Mem. Supp. Mot. for Other Relief (Dkt # 237) at 8.) Along with that, he asks the court to set a briefing schedule, allowing him at least thirty days to prepare and file a motion for summary judgment.[3] Second, because he is appearing *pro se*, lives in Florida, and does not have the funds to travel to and from Utah for court proceedings, he requests permission to appear by telephone or through written submission.

Mr. Hipple's request is GRANTED as set forth more fully below.

**ORDER**

For the foregoing reasons, *pro se* defendant Robert Hipple's Motion for Recusal, Leave to

---

[3]He also asks that the original filing date of February 15, 2008 be extended. Because Mr. Hipple did not receive notice of the status conference during which that deadline was set (he had not yet entered his appearance as a *pro se* litigant), the briefing schedule set during the January 2008 status conference is no longer valid.

File Motion for Summary Judgment and Other Relief (Dkt # 236) is GRANTED IN PART AND DENIED IN PART.  Specifically:

1. Mr. Hipple Motion for Recusal is DENIED.

2. Mr. Hipple's request for miscellaneous relief is GRANTED as follows:

   a. The parties may file simultaneous motions for summary judgment on the issues remanded by the Tenth Circuit.  The **motions** are due no later than **April 25, 2008**.  **Opposition briefs** are due no later than **May 27, 2008**.  **Reply briefs** are due no later than **June 10, 2008**.  The court will hear **argument** on the motions on **Wednesday, July 2, 2008, at 2:30 p.m.**

   b. Mr. Hipple is granted permission to appear by telephone for all court proceedings, including the July 2, 2008 hearing, unless the court orders otherwise and gives Mr. Hipple sufficient notice to arrange an appearance in person.

DATED this 26th day of March, 2008.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge